**Allen Stuart HERSCHAFT, Plaintiff–Appellant,**

v.

**N.Y. CITY CAMPAIGN FINANCE BOARD, Defendant–Appellee.**

**Docket No. 01–7136.**

United States Court of Appeals, Second Circuit.

May 17, 2001.

Allen Herschaft, Brooklyn, NY, pro se.

Jonathan Wayne, Special Assistant Corporation Counsel, New York, NY; Sue Ellen Dodell, of counsel, for appellee.

---

* The Honorable Stefan R. Underhill of the United States District Court for the District of Connecticut sitting by designation.

Present OAKES, WINTER and STRAUB, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Appellant Allen Herschaft, appearing *pro se*, appeals from the dismissal of his complaint against Defendant New York City Campaign Finance Board ("CFB"), challenging New York City's disclosure rules for candidates seeking public matching funds in city elections. Herschaft argues that the application of CFB Rule 3-03(c)(4)(i) and New York Administrative Code § 3-703(6) to his campaign for city council violated First and Fourth Amendment rights of freedom of association, freedom of speech, free exercise of religion, and privacy.

The CFB moved to dismiss Herschaft's complaint pursuant to Fed.R.Civ.P. 12(b)(6) and the District Court granted the motion by Memorandum and Order dated December 8, 2000. Among other things, the District Court held that New York's disclosure requirements "passed constitutional muster" because they are "substantially related" to the "significant" government interests of insuring that public funding is given to candidates with a modicum of public support and of providing the electorate with information about candidates for public office. The District Court also rejected Herschaft's claim that he needed an exception to the requirement for himself or his supporters. By Memorandum and Order dated January 18, 2001, the District Court later rejected Herschaft's motion for reconsideration pursuant to Fed.R.Civ.P. 59(e) and for relief from judgment pursuant to Fed.R.Civ.P. 60.

We review *de novo* the dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6). *Prestia v. O'Connor,* 178 F.3d 86, 88 (2d Cir.1999). A complaint may be dismissed pursuant to Rule 12(b)(6) if the plaintiff can prove no set of facts in support of his claim which entitles him to relief. *EEOC v. Staten Island Sav. Bank,* 207 F.3d 144, 148 (2d Cir.2000). On a motion to dismiss, the facts in the complaint are presumed to be true and all reasonable inferences should be drawn in the plaintiff's favor. *Id.* We review the denial of a motion for reconsideration pursuant to Rule 59 and for relief from judgment pursuant to Rule 60 for an abuse of discretion. *Hydro Investors, Inc. v. Trafalgar Power, Inc.,* 227 F.3d 8, 15 (2d Cir. 2000) (Rule 59); *Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998) (Rule 60).

For substantially the reasons set forth by the District Court, the judgment of the District Court is hereby AFFIRMED.