11-5304-cv
Bloom v. Federal Deposit Insurance Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2012

(Argued: April 3, 2013　　　　　　　Decided: December 18, 2013)

Docket No. 11-5304-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM BLOOM,

　　　　　*Appellant*,

DENISE CASSESE, individually and on behalf of all others similarly situated, FKA Denise Caliguiri, GEORGE SCOTT RUSH, RICHARD SCHROER, RICHARD MELICHAR,

　　　　　*Plaintiffs*,

　　v.

THE FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as receiver for Washington Mutual Bank, such entity having incorporated former defendants Washington Mutual Bank, FA and Washington Mutual Home Loans, Inc.,

　　　　　*Defendant-Appellee,*

WASHINGTON MUTUAL, INCORPORATED, WASHINGTON MUTUAL BANK, FA, WASHINGTON MUTUAL BANK, FSB, WASHINGTON MUTUAL BANK, WASHINGTON MUTUAL HOME LOANS, INCORPORATED,

　　　　　*Defendants,*

JOHN HENRY WILLIAMS, BRENDA S. KOMAR, SIDNEY SCHOLL,

*Objectors,*

CHRISTOPHER BATMAN, JO BATMAN, KEARNEY DEE HUTSLER,

*Interested Parties.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Before: B.D. PARKER, LOHIER, and CARNEY, Circuit Judges.

William Bloom appeals from an order of the United States District Court for the Eastern District of New York (Spatt, J.), which principally decertified a class of plaintiffs who asserted claims against the Federal Deposit Insurance Corporation. Because we conclude that Bloom failed to notice an appeal of the denial of the plaintiffs' motion to permit his intervention before the District Court, and because Bloom is not otherwise an appropriate party to appeal the class decertification order, we DISMISS the appeal.

> PETER D. ST. PHILLIP, JR., Lowey Dannenberg Cohen & Hart, P.C., White Plains, NY (Joseph S. Tusa, Tusa P.C., Lake Success, NY, on the brief), for Appellant.
>
> JOSEPH BROOKS, Counsel (Colleen J. Boles, Assistant General Counsel, Lawrence H. Richmond, Senior Counsel, on the brief), Federal Deposit Insurance Corporation, Arlington, VA, for Defendant-Appellee.

LOHIER, Circuit Judge:

William Bloom appeals from an order of the United States District Court for the Eastern District of New York (Spatt, J.), which principally (1) decertified a class of plaintiffs who asserted claims against the Federal Deposit Insurance Corporation ("FDIC"), and (2) denied the plaintiffs' motion to permit Bloom, who

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

was not a named party to the action before the District Court, to intervene. However, Bloom failed to notice an appeal of the denial of the motion to allow him to intervene. As a nonparty, he cannot otherwise challenge the decertification order on appeal. Accordingly, we DISMISS the appeal.

## BACKGROUND

This appeal arises out of a lawsuit first filed in 2005 that eventually involved four named plaintiffs. The named plaintiffs asserted various state and federal causes of action against Washington Mutual Bank, FA ("WMB") and other entities affiliated with Washington Mutual. The named plaintiffs alleged that they and thousands of other customers had been charged modest but improper fees when they made early payments on their home mortgages. In 2007 the District Court dismissed several of the plaintiffs' claims, including a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., because none of the named plaintiffs had alleged that the defendants charged them more than $100 in improper fees, as required to state a TILA claim. However, the District Court left open the possibility that the named plaintiffs could join other class members who met TILA's threshold requirement.

In 2008 WMB failed and the FDIC was appointed as receiver. Later that year, the District Court certified a class to proceed with non-TILA claims against the FDIC as receiver, and then stayed the litigation to allow the plaintiffs to exhaust their administrative remedies with the FDIC. The named plaintiffs then

3

filed a "class claim" with the FDIC seeking, among other things, to exhaust their own administrative remedies and those of the unnamed class members, but the FDIC rejected the class claim as not reviewable under its administrative claims process. By contrast, the FDIC reviewed and processed but ultimately denied the administrative claims of the named plaintiffs.

After the stay was lifted, the FDIC moved to decertify the class and for partial judgment on the pleadings. The named plaintiffs separately moved to permit Bloom to intervene as an additional named plaintiff. Bloom's addition as a named plaintiff ostensibly would have enabled them to assert a new class claim under TILA based on an allegedly improper $120 fee charged to Bloom. The named plaintiffs also moved to add JPMorgan Chase Bank, NA ("JPMorgan") as a defendant.

By Memorandum of Decision and Order dated May 13, 2010, the District Court granted the FDIC's motion to decertify the class based on lack of numerosity because only the four named plaintiffs, and none of the unnamed class members, had exhausted administrative remedies with the FDIC. As relevant here, the District Court also denied the motions to add Bloom as an intervening named plaintiff and JPMorgan as a defendant. Bloom filed a timely notice of appeal. The named plaintiffs did not appeal.

**DISCUSSION**

As a threshold matter, we are asked to determine whether Bloom's appeal is properly before us based on his notice of appeal, see United Airlines, Inc. v. McDonald, 432 U.S. 385, 392-96 (1977) (approving process whereby unnamed putative class member appealed both the denial of her motion to intervene and the denial of class certification), or because he otherwise satisfies the narrow requirements for appealing a judgment by a nonparty, see Official Comm. of Unsecured Creditors of WorldCom, Inc. v. SEC, 467 F.3d 73, 78 (2d Cir. 2006). We address each of these two possible bases in turn and conclude that Bloom satisfies neither. Accordingly, we dismiss the appeal.[1]

---

[1] As a result, we do not reach the question, which remains unresolved in this Circuit, of whether the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183, requires a plaintiff to administratively exhaust claims already pending against a bank at the time the FDIC was appointed receiver. This question has divided the Circuits. Four of our sister Circuits have held that FIRREA's exhaustion requirement does not apply to pre-receivership claims. See In re Lewis, 398 F.3d 735 (6th Cir. 2005); FDIC v. Lacentra Trucking, Inc., 157 F.3d 1292 (11th Cir. 1998); Whatley v. Resolution Trust Corp., 32 F.3d 905 (5th Cir. 1994); Praxis Props., Inc. v. Colonial Sav. Bank, S.L.A., 947 F.2d 49 (3d Cir. 1991). Five Circuits have held that the exhaustion requirement does apply to pre-receivership claims. See Intercontinental Travel Mktg., Inc. v. FDIC, 45 F.3d 1278 (9th Cir. 1994); Brady Dev. Co. v. Resolution Trust Corp., 14 F.3d 998 (4th Cir. 1994); Bueford v. Resolution Trust Corp., 991 F.2d 481 (8th Cir. 1993); Marquis v. FDIC, 965 F.2d 1148 (1st Cir. 1992); Resolution Trust Corp. v. Mustang Partners, 946 F.2d 103 (10th Cir. 1991).

A.  Notice of Appeal

Bloom's notice of appeal reads, in relevant part, as follows:

> Plaintiff William Bloom hereby appeals to the United States Court of Appeals for the Second Circuit the portion of the district court's May 13, 2010 Memorandum of Decision and Order (Dkt. 302) that: i) decertified the class certified by the district court on December 29, 2008 against Washington Mutual Bank and/or the Federal Deposit Insurance Corporation in its capacity as Receiver for Washington Mutual Bank (the "FDIC/WMB"[)]; and ii) granted in part the FDIC/WMB's motion for partial judgment on the pleadings.

Joint App'x at 292.

Federal Rule of Appellate Procedure 3(c) provides: "The notice of appeal must . . . designate the judgment, order, or part thereof being appealed . . . ." Although we "liberally constru[e] the designation requirement" of Rule 3, "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 122 (2d Cir. 2008) (quotation marks omitted), "[o]ur jurisdiction . . . depends on whether the intent to appeal from [a] decision is clear on the face of, or can be inferred from, the notice[] of appeal," New Phone Co. v. City of New York, 498 F.3d 127, 131 (2d Cir. 2007).

Here, the District Court decision resolved four basic issues: (1) decertification of the class, (2) partial judgment on the pleadings, (3) intervention of Bloom as an additional named plaintiff, and (4) joinder of JPMorgan as a defendant. But Bloom's notice of appeal states that he is appealing only "the portion[s]" of the District Court decision decertifying the class and granting in part the FDIC's motion for partial judgment on the pleadings. It makes no

6

mention of the part of the court's decision denying the plaintiffs' motion to permit Bloom's intervention.  Nor does it evidence any intent to appeal from the entire decision.  Even construing the notice of appeal liberally, under the circumstances we cannot infer an intent to appeal from the portion of the decision, unmentioned in the notice, that denied the plaintiffs' motion to permit Bloom's intervention. See id. ("Because none of the notices of appeal mention the August 5 filing injunction and the intent to appeal from it cannot be inferred from the notices, we must dismiss the appeal for lack of jurisdiction insofar as the appellants seek review of that filing injunction.").  Accordingly, because Bloom has not appealed the denial of the motion to permit his intervention as a plaintiff, he is a nonparty and cannot appeal the District Court's denial of class certification unless he meets the requirements for appealing as a nonparty.

### B.  Appeal by a Nonparty

"As a general rule, only parties to a lawsuit, whether from the outset or through intervention, may appeal an adverse judgment."  Official Comm. of Unsecured Creditors of WorldCom, 467 F.3d at 77.  We have recognized two exceptions to this rule.  First, "a nonparty may appeal a judgment by which it is bound."  Id. at 78.  "Second, a nonparty may appeal if it has an interest affected by the judgment."  Id. (alteration and quotation marks omitted).  Neither exception applies here.

Bloom was not bound by the judgment decertifying the class.  In <u>Devlin v.</u> <u>Scardelletti</u>, 536 U.S. 1, 14 (2002), the Supreme Court allowed an unnamed member of a certified class to appeal a settlement that disposed of the class claims, despite his failure to intervene in the trial court proceedings.  Here, unlike the settlement in <u>Devlin</u>, the decertification of the class did not directly implicate the merits of Bloom's claims.  The District Court made no factual findings and drew no legal conclusions that bore on the merits of Bloom's claims.  The order was purely procedural.  Subject to the statute of limitations and any administrative exhaustion requirements, Bloom was still free to bring an individual claim asserting his rights against the FDIC notwithstanding the District Court's decertification of the class.  Because Bloom was not bound by the District Court judgment in any relevant way, the first exception does not apply.

For similar reasons, Bloom has also failed to show that he has "an interest affected by the judgment."  <u>Official Comm. of Unsecured Creditors of WorldCom</u>, 467 F.3d at 78 (alteration and quotation marks omitted).  Bloom asserts that he has an interest in being a member of the class decertified by the District Court.  We have never held that an unnamed putative class member has a sufficient "interest affected by the judgment" of decertification to appeal without intervening below.  To the contrary, in <u>McDonald</u>, the Supreme Court approved a process whereby an unnamed putative class member could appeal the denial of class certification <u>by</u> <u>moving to intervene</u> after final judgment when it became clear that the named

plaintiffs would not be appealing. See McDonald, 432 U.S. at 394 ("The critical fact here is that once the entry of final judgment made the adverse class determination appealable, the respondent quickly sought to enter the litigation."). If an unnamed putative class member always had a sufficient interest in certification that he could appeal without being a party, the Supreme Court would have had no need to provide a process for post-judgment intervention. Bloom's asserted interest in being a member of the decertified class is not enough to enable him to appeal as a nonparty.

## CONCLUSION

For the foregoing reasons, we DISMISS the appeal.