13-4134(L)
Spanksi Enters., Inc. v. Telewizja Polska S.A.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         ROBERT D. SACK,
         CHRISTOPHER F. DRONEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
Spanski Enterprises, Inc.,
         Plaintiff-Appellee and
         Cross-Appellant,

         -v.-                                    13-4134 (Lead)
                                                 13-4219 (XAP)

Telewizja Polska, S.A.,
         Defendant-Appellant and
         Cross-Appellee.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Stanley McDermott III, David S.
                        Wenger, DLA Piper LLP (US), New
                        York, New York.

1

**FOR APPELLEE:**                    Jonathan Zavin, John A. Piskora, Loeb & Loeb LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Carter, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-Appellant Telewizja Polska, S.A. ("TVP") appeals from the judgment of the United States District Court for the Southern District of New York (Carter, <u>J.</u>), granting partial summary judgment in favor of Plaintiff-Appellee Spanski Enterprises, Inc. ("SEI").  SEI cross appeals.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This appeal arises from prolonged disputes between TVP, a public broadcasting corporation wholly owned by the Republic of Poland, and SEI, which has been TVP's exclusive distributor of television programming content to the Polish diaspora in the Americas.  The dispute, over which party can broadcast certain programming and for how long, is governed by a handful of written contracts.

We review a district court's decision to grant or deny summary judgment <u>de novo</u>.  <u>Smith ex rel. Estate of Smith v. Fed. Reserve Bank of N.Y.</u>, 346 F.3d 264, 267 (2d Cir. 2003).  And "[t]he interpretation of a contract is generally a question of law," also "subject to our de novo review." <u>Network Publ'g Corp. v. Shapiro</u>, 895 F.2d 97, 99 (2d Cir. 1990).

**1.**  SEI became the exclusive distributor of TV Polonia in 1994 and of TVP Info in 2002.  Prior litigation between SEI and TVP ended in a Settlement Agreement, executed in 2009, that provides, in section II.A: "SEI is and shall remain the exclusive distributor of TV Polonia and TVP Info programming content in the territory of North and South America by any and all means of distribution . . . ."  It is undisputed that, as to TV Polonia, SEI's exclusivity extends until 2019.  TVP argues that it nonetheless is entitled to broadcast on TVP Info a small percentage of TV Polonia

2

programming content, which it characterizes as <u>de minimis</u>. We disagree.

There has been a 2-3% overlap in the TV Polonia content broadcast on TVP Info. TVP characterizes this overlap as "negligible" or "<u>de minimis</u>." However, the relevant contracts contain no exception for <u>de minimis</u> infringement of SEI's exclusivity rights. And under New York law, "courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing." <u>Reiss v. Fin. Performance Corp.</u>, 764 N.E.2d 958, 961 (N.Y. 2001) (internal quotation marks omitted).

TVP argues that Section II.A. of the Settlement Agreement--the provision that confirms SEI's exclusivity rights for all *programming content* rather than for the channels only--should be discounted as "general" and "prefatory." However, "the fundamental rule of contract interpretation [is] that a court must strive to give meaning to every sentence, clause, and word." <u>N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.</u>, 599 F.3d 102, 116 (2d Cir. 2010) (internal quotation marks and citation omitted). Section II.A is no more "general" or "prefatory" than any other provision of the Settlement Agreement.

Finally, TVP emphasizes that TVP Info (mainly news) and TV Polonia (mainly entertainment) do not compete with each other. But SEI's exclusivity rights are not made to depend on considerations of competition.

In sum, TVP is prohibited by the Settlement Agreement from distributing TV Polonia's programming content on TVP Info, or elsewhere, until 2019.[1]

**2.** SEI cross appeals, contending that any distribution of TVP Info--regardless of whether any content overlaps with

---

[1] The district court reached the same conclusion, but also relied on Section II.E of the Settlement Agreement, which prohibits TVP from distributing "**any other channels** . . . that contain any of the same programming that is contained, has been contained, or will be contained in either TV Polonia or TVP Info." (emphasis added). Because we conclude that Section II.A is dispositive, we need not address the district court's construction of Section II.E.

TV Polonia--is prohibited until 2019.  The district court rejected this interpretation as "stretch[ing] beyond any reasonable construction of the text as written."  We agree.

Section II.A of the Settlement Agreement provides that "SEI is and shall remain the exclusive distributor of . . . TVP Info programming content."  The Section specifies no end date; nor does any other provision in the Settlement Agreement.  But the parties' other contracts do.  The 1994 Agreement sets 2019 as the end date for SEI's exclusivity rights to TV Polonia, and the 2002 Addendum sets 2012 as the end date for SEI's exclusivity rights to TVP Info.  Because the Settlement Agreement does not deal with end dates, the terms set in the 1994 Agreement and its 2002 Addendum remain valid.  Hence, all of SEI's rights to TVP Info expired in 2012.

Any reference to the 1994 Agreement in the Settlement Agreement necessarily includes the relevant provisions of the 2002 Addendum that modified it.  See 2002 Addendum ("The following amendments shall be made to the Agreement concluded between the Parties on 14 December 1994 . . . ."); Settlement Agreement § II.N ("All other terms of the Agreement of 1994, *as subsequently amended*, shall remain in full force and effect, except in the event of any conflict between such prior agreements and this agreement, this agreement shall control.") (emphasis added).  The references to the 1994 Agreement in the Settlement Agreement are references to the 1994 Agreement *as amended* by the 2002 Addendum.  Hence, the 2012 end date for SEI's exclusivity rights to TVP Info--laid out clearly in the 2002 Addendum-- controls.[2]

---

[2]     At oral argument, SEI pressed the argument that Section II.A was intended to grant it a new right, requiring that TVP use SEI as its exclusive TVP Info distributor in North and South America should TVP wish to distribute TVP Info following the expiration of the 2002 Addendum. However, the plain language of Section II.A does not create any new right.  By asserting that SEI "shall remain" TVP's "exclusive distributor," Section II.A makes clear that the exclusive distribution rights to TVP Info programming content are those granted in the 2002 Addendum.

For the foregoing reasons, and finding no merit in the parties' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK