14-967(L)
Spanski Enterprises, Inc. v. Telewizja Polska S.A.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand fifteen.

PRESENT: DENNIS JACOBS,
　　　　　 RAYMOND J. LOHIER, JR.,
　　　　　　　　　　 Circuit Judges,
　　　　　 LAURA TAYLOR SWAIN,
　　　　　　　　　　 District Judge.[*]

- - - - - - - - - - - - - - - - - - - - -X
Spanski Enterprises, Inc.,
　　　　 Plaintiff-Appellant and
　　　　 Cross-Appellee,


　　　 -v.-　　　　　　　　　　　　　　　　　 14-967 (Lead)
　　　　　　　　　　　　　　　　　　　　　　　 14-1115 (XAP)

Telewizja Polska, S.A.,
　　　　 Defendant-Appellee and
　　　　 Cross-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

---

[*]　　 The Honorable Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR APPELLANT:**          JONATHAN ZAVIN (<u>with</u> Jonathan Neil Strauss, John Piskora, and Michael Barnett, <u>on the brief</u>), Loeb & Loeb LLP, New York, New York.

**FOR APPELLEE:**          STANLEY McDERMOTT III (<u>with</u> David S. Wenger, <u>on the brief</u>), DLA Piper LLP (US), New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Carter, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-Appellant Spanski Enterprises, Inc. ("SEI") appeals from the judgment of the United States District Court for the Southern District of New York (Carter, <u>J.</u>), entered after a bench trial, insofar as the judgment partially denied relief on one of SEI's claims against Defendant-Appellee Telewizja Polska, S.A. ("TVP"). TVP cross appeals, seeking vacatur of the entire damages award. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This is the latest appeal arising from prolonged disputes between TVP, a public broadcasting corporation wholly owned by the Republic of Poland, and SEI, which has been TVP's exclusive distributor of television programming content to the Polish diaspora in the Americas. <u>See</u> <u>Spanski Enters., Inc. v. Telewizja Polska, S.A.</u>, 581 F. App'x 72 (2d Cir. 2014). This dispute, like the others, turns largely on straightforward questions of contractual interpretation.

**1.** Although neither party argued the issue (until we ordered briefing), we must begin by addressing a defect in appellate jurisdiction. SEI's notice of appeal reads in full:

> NOTICE IS GIVEN that Plaintiff Spanski Enterprises, Inc. ("SEI") hereby appeals to the United States Court of Appeals for the Second Circuit from that part of the March 6, 2014

2

Opinion and Order of the Hon. Andrew L. Carter, Jr., as well as the March 14, 2014 Judgment resulting therefrom, which denied SEI's third claim for relief, which was: that Defendant Telewizja Polska, S.A. breached its contract with SEI when it removed the *Klan* series from the *TVP Polonia* channel.

In other words, SEI declared its intent to appeal from only "that part of" the district court's order that denied relief on "SEI's third claim for relief"--what the parties refer to as "the *Klan* claim." SEI's opening brief, however, also seeks reversal, in part, of the district court's damages order with respect to its *first* claim for relief ("the Polvision claim"). See Appellant's Br. at 30-38 ("The District Court Erred in Excluding From Damages Specific Episodes of *Klan* and *Plebania* That Had Not Appeared on *TVP Polonia*."). And although the two claims might share some limited factual overlap, the parties have always treated them as legally distinct.[1]

"Our jurisdiction . . . depends on whether the intent to appeal from [a] decision is clear on the face of, or can be inferred from, the notice[] of appeal." New Phone Co. v. City of New York, 498 F.3d 127, 131 (2d Cir. 2007); accord Bloom v. FDIC, 738 F.3d 58, 61 (2d Cir. 2013).

SEI's notice can only be read as an intent to appeal the district court's rejection of "SEI's third claim for relief"; that is, the *Klan* claim. SEI cannot now enlarge our appellate jurisdiction to quibble with the district court's damages calculation as to the Polvision claim. Because we lack jurisdiction to consider on appeal a claim that was omitted from SEI's notice, we will not consider this argument further.

---

[1] Compare, e.g., Am. Compl. ¶ 37 (SEI describes its "first claim for relief" as a breach-of-contract claim arising from TVP's decision "to license to SEI's direct competitor, Polvision, certain *TV Polonia* programming"); with Am. Compl. ¶ 45 (SEI describes its "third claim for relief" as a breach-of-contract and good-faith-and-fair-dealing claim arising from TVP's "removing the long-running and popular television series *Klan* from *TV Polonia*," making no mention of *Plebania*, or any other series).

**2.** As to the *Klan* claim: SEI alleges breach of an implied covenant of good faith and fair dealing in connection with TVP's removal of a television series called "*Klan*" from the *TV Polonia* channel. We affirm the district court's dismissal of this claim.

Under New York law, "[i]mplicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance." Dalton v. Educ. Testing Serv., 663 N.E.2d 289, 291 (N.Y. 1995). "The covenant cannot be used, however, to imply an obligation inconsistent with other terms of a contractual relationship." Gaia House Mezz LLC v. State Street Bank & Trust Co., 720 F.3d 84, 93 (2d Cir. 2013) (citing Dalton, 663 N.E.2d at 289).

Pursuant to the 1994 Agreement, "TVP reserves the right to introduce changes to the *TV Polonia* Program . . . while retaining its general character." 1994 Agreement § 9.4.[2] Relying on this language, TVP argues that it retains complete discretion over individual programming decisions-- like the decision to remove *Klan* from *TV Polonia*--as long as *TV Polonia*'s "general character" is left undisturbed.

Although it was disputed in the district court, SEI now concedes that, as a contractual matter, "TVP unquestionably has the discretion to remove series from *TV[] Polonia*."[3] SEI's Reply Br. at 33. SEI argues nevertheless that TVP's "discretion must be exercised in good faith, and that decisions to remove series may not be made for the improper purpose of circumventing the Agreements." Id.

---

[2] Neither the subsequent amendments to the 1994 Agreement, nor the 2009 Settlement Agreement made any changes to this provision.

[3] Notwithstanding this clear concession, SEI struggled mightily to salvage its faulty notice of appeal, in part, by suggesting in its supplemental letter brief that it still claims that TVP breached the parties' contracts by removing *Klan* from *TV Polonia*. To the extent SEI is actually attempting to resurrect this breach-of-contract claim (rather than grasping for a post-hoc explanation for its partially defective notice), the argument remains waived.

But as to good faith, the district court made explicit factual findings: SEI failed to sustain its burden to show that SEI's decision to remove the *Klan* series was made in bad faith. The district court credited TVP's "evidence that the decision to remove *Klan* was part of a regular quarterly programming review," and that TVP's decision was not "a violation of what SEI could have reasonably expected" under the terms of the parties' contractual relationship. Those findings were not clearly erroneous.

**3.** TVP's cross-appeal is focused primarily on the district court's damages order, which granted partial relief on SEI's claim that TVP breached the parties' contracts by licensing *TV Polonia* programming content to a (non-party) competitor, Polvision. TVP challenges (a) the liability ruling, (b) the propriety of a damages award for lost profits, and (c) the actual calculation of the lost-profits award. We affirm the district court on all three issues.

**a.** TVP argues that SEI's exclusivity rights are limited to "one time use" of *TV Polonia* programming, meaning TVP is free to license "rerun" (<u>i.e.</u>, previously aired) episodes of *TV Polonia* shows to whomever it wishes. This argument fails for two reasons.

This is a new argument raised for the first time on appeal. Moreover, TVP made representations in the district court that are inconsistent with this argument. <u>See, e.g.</u>, TVP's Post Trial Mem. at 5 ("Clause II.E [of the 2009 Settlement Agreement] adds to SEI's distribution rights the exclusive right to repeat broadcasts of the *TVP Polonia* channel (beyond SEI's previous one-off use rights)--it prevents TVP from distributing 'other channels' containing the *TV[] Polonia* broadcast, even after the first broadcast of the *TV[] Polonia* channel . . . by SEI."). So the argument is waived. <u>See</u> <u>Paulsen v. Remington Lodging & Hospitality, LLC</u>, 773 F.3d 462, 468 (2d Cir. 2014).

Even if the argument had been properly preserved, it would be meritless. In the parties' 2009 Settlement Agreement, TVP promised not to

> distribute or offer to distribute, or permit the distribution of any other channels in North and South America that contain any of the same programming that is contained, has been contained,

5

or will be contained in either *TV Polonia* or *TVP Info*.

2009 Settlement Agreement § II.E. A rerun of a *TV Polonia* show is unquestionably "programming" that "has been contained" on *TV Polonia*. Licensing that content to a competing channel violates TVP's promise not to "permit the distribution of any other channels" that contain *TV Polonia* programming content. We therefore affirm the district court's ruling that TVP is liable for breach of contract on the Polvision claim.

TVP suggests that the agreement cannot mean what it says, because "SEI cannot restrain competition." If TVP is arguing that all vertical exclusive distribution agreements violate the antitrust laws, that argument is also meritless, see, e.g., E & L Consulting, Ltd. v. Doman Indus. Ltd., 472 F.3d 23, 29 (2d Cir. 2006), and forfeited, see Paulsen, 773 F.3d at 468. Since every exclusive distribution agreement-- indeed, every contract--"restrain[s] competition" in a sense,[3] that alone is no justification for TVP's clear violations of its contractual promises.

**b.** TVP contends that the district court erred in adopting a lost-profits measure of damages. "[W]e review the legal question of the applicable damages measurement de novo." Bessemer Trust Co., N.A. v. Branin, 618 F.3d 76, 85 (2d Cir. 2010). Even so, any predicate factual findings relevant to that determination are reviewed for clear error. See id. at 91.

Under New York law, "to recover damages for lost profits, it must be shown that: (1) the damages were caused by the breach; (2) the alleged loss [is] capable of proof with reasonable certainty, and (3) the particular damages were within the contemplation of the parties to the contract at the time it was made." Ashland Mgmt. Inc. v. Janien, 624 N.E.2d 1007, 1011 (N.Y. 1993).

---

[3] See Bd. of Trade of City of Chi. v. United States, 246 U.S. 231, 238 (1918) ("Every agreement concerning trade, every regulation of trade, restrains. To bind, to restrain, is of their very essence."); see also NCAA v. Bd. of Regents of Univ. of Okla., 468 U.S. 85, 98 (1984) ("[E]very contract is a restraint of trade.").

The district court applied the correct legal standard, and the evidence supports its conclusion that the first two elements of New York's lost-profits test are established. So the question is whether the district court correctly concluded that the parties contemplated lost profits damages at the time they entered into the 2009 Settlement Agreement.

This facet of the parties' dispute turned on whether, at the time the Settlement Agreement was signed, SEI had ever contracted with other channels to distribute or syndicate *TV Polonia* programming content (and whether TVP knew about these contracts). Resolving that factual dispute, the district court credited SEI's "evidence of agreements it had made to license TVP Polonia content to other channels"; and SEI's evidence that "when other channels . . . approached TVP about distributing TVP Polonia content, it informed them SEI was the exclusive distributor and *directed them to contact SEI* if they wanted to pursue an agreement." These factual findings are not clearly erroneous, and they are sufficient to support the district court's conclusion that SEI was entitled to lost profits.

**c.** TVP contends that the district court's lost-profit calculations were excessive. Assuming the district court selected an appropriate *measure* of damages, "[t]he question of the *amount* of recoverable damages is a question of fact," reviewed only for clear error. See Bessemer Trust, 618 F.3d at 85 (emphasis added).

Here, the district court found that $600-per-episode was the market value of the syndication rights that TVP improperly licensed to Polvision. That price came from TVP's own contracts with Polvision. Relying on TVP's own bargained-for price was not clearly erroneous and used an appropriate measure of damages. So we affirm the damages award in full.

**4.** TVP also cross-appeals from the dismissal of its counterclaim, which alleged that SEI failed to expend "reasonable efforts" to market and distribute TVP's content in a way that would maximize total subscribers. The district court found a "complete void of evidence in the record to support this claim." That finding was not clearly erroneous: the only evidence presented by TVP concerning a shortfall in subscribers established that SEI's results fell short of TVP's expectations. But as the district court correctly explained, "the test is whether SEI used

7

reasonable efforts to distribute TVP's programs"--"not whether SEI achieved measurable success in distribution as contemplated by the number of subscribers."

                          *   *   *

For the foregoing reasons, and finding no merit in the parties' other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK