**Anthony M. GARRAWAY, Plaintiff–Appellant.**

v.

**Kathleen NEWCOMB, Defendant–Appellee.**

No. 04–4626.

United States Court of Appeals, Second Circuit.

Nov. 16, 2005.

Anthony M. Garraway, Moravia, New York, for Plaintiff–Appellant, pro se.

Robert G. Behnke, Chief Assistant County Attorney, (Joseph Sluzar, Broome County Attorney, on the brief), Binghamton, New York, for Defendant–Appellee.

Present: WALKER, Chief Judge, FEINBERG, and CARDAMONE, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiff–Appellant Garraway appeals from a June 24, 2004, summary judgment decision and order dismissing plaintiff's claim under 42 U.S.C. § 1983 for malicious prosecution and an August 13, 2004, order denying reconsideration of the same claim (Thomas A. McAvoy, *Judge*). We assume familiarity with the facts of this case and its procedural posture.

Acting on a search warrant, defendant, a police officer with the Broome County Sheriff's Office, entered plaintiff's property, where she seized evidence related to dog fighting and secured a statement from a witness that plaintiff was engaged in dog fighting. Defendant thereafter swore out a criminal complaint against plaintiff, charging plaintiff with aggravated cruelty to animals and animal fighting in violation of New York law. These charges were later dismissed without prejudice and with leave to submit to the grand jury. Plaintiff was subsequently indicted on two sets of charges relating to dog fighting. Plaintiff was convicted of the charges in the second set of indictments; the indictments in the first set were dismissed.

To succeed on a malicious prosecution claim, a plaintiff must show that defendant's conduct was tortious under state law and that it resulted a constitutionally cognizable deprivation of liberty. *Kinzer v. Jackson,* 316 F.3d 139, 143 (2d Cir.2003). Under New York law, therefore, plaintiff

must show that: 1) a criminal proceeding was commenced against him; 2) the proceeding was terminated in his favor; 3) there was no probable cause for the proceeding; and 4) the proceeding was instituted with malice. *See id.* Since plaintiff's claim was dismissed on summary judgment, we review the district court's decision de novo. Summary judgment is appropriate only if plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003).

■ The district court was correct to dismiss plaintiff's complaint because there was probable cause to charge defendant with these crimes. *See Posr v. Court Officer Shield No. 207,* 180 F.3d 409, 414 (2d Cir.1999) (probable cause exists where an officer "ha[s] knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime") (internal quotation marks omitted). Defendant had a sworn statement implicating plaintiff in dog fighting and personally witnessed dogs with scars on their bodies indicative of fighting. There was therefore sufficient probable cause for defendant to swear out a complaint against plaintiff.

■ We review the district court's denial of a motion for reconsideration for abuse of discretion. *See RJE Corp. v. Northville Indus. Corp,* 329 F.3d 310, 316 (2d Cir. 2003). The motion should only be granted where the movant can point to law or facts overlooked by the district court. *See Shrader v. CSX Transp. Inc.,* 70 F.3d 255, 257 (2d Cir.1995). Plaintiff seeks to do no more than relitigate issues already decided; while he sought to introduce some new evidence, that evidence was available to him at the time of the original summary judgment motion. *See* Fed.R.Civ.P. 59.

We cannot say that the district court abused its discretion in denying the motion.

We have considered plaintiff's remaining contentions and find them without merit.

For the reasons set forth above, the decision of the District Court of the Northern District of New York is hereby **AFFIRMED.**