19-3376-cv
*Cho et al. v. BlackBerry Ltd. et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2020

Argued: October 30, 2020     Decided: March 11, 2021

Docket No. 19-3376-cv

YONG M. CHO, BATUHAN ULUG,

*Plaintiffs-Appellants,*

MARVIN PEARLSTEIN, individually and on behalf of all others similarly situated, TODD COX, MARY DINZIK,

*Plaintiffs,*

— v. —

BLACKBERRY LIMITED, FKA RESEARCH IN MOTION LIMITED, THORSTEN HEINS, BRIAN BIDULKA, STEVE ZIPPERSTEIN,

*Defendants-Appellees.[*]*

---

[*] The Clerk of the Court is respectfully directed to amend the caption as set forth above.

B e f o r e:

LIVINGSTON, *Chief Judge*, CABRANES and LYNCH, *Circuit Judges*.

———————

After failing to be selected as lead plaintiffs to represent a putative class in a consolidated securities fraud class action, Plaintiffs-Appellants Yong M. Cho and Batuhan Ulug were named in the consolidated complaint as individual plaintiffs. Subsequently, the district court dismissed the putative class's complaint and denied leave to amend. The designated lead plaintiffs appealed on behalf of the class, filing a notice of appeal that did not state that Cho and Ulug were also appealing. On remand from this Court, plaintiffs were granted leave to amend the complaint, and Cho and Ulug were again named in the amended complaint as individual plaintiffs. Defendants-Appellees moved for judgment on the pleadings as to Cho and Ulug, arguing that the earlier dismissal had become final as to them because they did not properly appeal. The district court (Colleen McMahon, *C.J.*) granted the motion, concluding that under Federal Rule of Appellate Procedure 3, Cho and Ulug had failed to appeal the earlier judgment against them because they did not indicate their intent to appeal in the notice of appeal filed by the lead plaintiffs. Cho and Ulug appeal, arguing that: (1) the district court erred in dismissing their claims, because Rule 3 does not require individual named plaintiffs in a class action to indicate their intention to appeal, so long as the appeal is filed by persons qualified to represent the class; (2) in the alternative, even if the judgment dismissing their earlier claims had become final, res judicata does not bar their new claims against an additional defendant not previously named; and (3) the district court should have granted their motion for reconsideration.

We conclude that: (1) Rule 3 requires that individual named plaintiffs in a class action indicate individually their intent to appeal, and the district court's first dismissal became final as to Cho and Ulug when they failed to do so; (2) Cho and Ulug's claims against the newly added defendant are barred by res judicata; and (3) the district court did not abuse its discretion in denying reconsideration. Accordingly, the judgment of the district court is AFFIRMED.

2

DAVID A.P. BROWER, Brower Piven, A Professional Corp., New York, NY (Kim E. Miller, J. Ryan Lopatka, Kahn Swick & Foti, New York, NY, *on the brief*), *for Plaintiffs-Appellants.*

JOSEPH R. PALMORE, Morrison & Foerster LLP, Washington, DC (Dan Marmalefsky, Morrison & Foerster LLP, Los Angeles, CA, James J. Beha II, Lena H. Hughes, Morrison & Foerster LLP, New York, NY *on the brief*), *for Defendants-Appellees.*

GERARD E. LYNCH, *Circuit Judge*:

Plaintiffs-Appellants Yong M. Cho and Batuhan Ulug, individual named plaintiffs in a putative securities class action, appeal a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *C.J.*) granting judgment on the pleadings and dismissing their claims against Defendants-Appellees BlackBerry Limited, Thorsten Heins, Brian Bidulka, and Steve Zipperstein, because they failed to join the lead plaintiffs' appeal of prior orders of the district court dismissing their complaint and denying reconsideration and leave to amend.

The appeal requires us to decide what individual named plaintiffs in a putative class action must do to indicate their intent to appeal from an

unfavorable decision. Cho and Ulug argue that Federal Rule of Appellate Procedure 3 allows named plaintiffs who are also members of a putative class to rely on the notice of appeal of a "person qualified to bring the appeal as representative of the class" under Rule 3(c)(3), and that they are not required to indicate their intent to appeal individually. Consequently, they argue that they should be permitted to rely on the successful appeal by the lead plaintiffs in this case, and that the district court erred in granting judgment on the pleadings and dismissing their claims.

We disagree, and conclude that Rule 3(c)(1)(A) requires individual named plaintiffs – who, unlike absent class members, have chosen to litigate their claims personally – to indicate their intent to appeal, and that individual plaintiffs may not merely rely on a notice of appeal filed by the lead plaintiffs or other persons qualified to represent the class. Accordingly, we hold that Cho and Ulug's failure to appeal the district court's first dismissal of their claims rendered that decision final as to them, and that the district court properly dismissed their attempt to renew their claims after the lead plaintiffs successfully appealed.

We also reject Cho and Ulug's remaining arguments. Their claims against Defendant-Appellee Steve Zipperstein, which they argue should be allowed to

4

proceed because Zipperstein was joined as a defendant only after the initial dismissal and the lead plaintiffs' successful appeal, are barred by res judicata. Finally, we conclude, contrary to their remaining contention, that the district court did not abuse its discretion in denying Cho and Ulug's motion for reconsideration. Accordingly, we affirm the judgment of the district court.

## BACKGROUND

The following facts are taken from the factual allegations in the second amended complaint, which we accept as true, *Bryan v. Credit Control, LLC*, 954 F.3d 576, 580 (2d Cir. 2020), and from the dockets of the relevant courts.

In early 2013, BlackBerry released the Z10 smartphone. Intended as BlackBerry's answer to the iPhone, it was a commercial flop. That October, several individuals filed separate putative securities class actions, alleging that BlackBerry and its then-CEO and CFO (Thorsten Heins and Brian Bidulka, respectively) made material misrepresentations and omissions related to the release of the Z10, thereby artificially inflating BlackBerry's stock price.

The cases were consolidated in the Southern District of New York before the late Judge Thomas P. Griesa. Several plaintiffs moved to be appointed lead plaintiff in the consolidated case, pursuant to the Private Securities Reform

5

Litigation Act ("PSLRA").[1] The aspiring lead plaintiffs included Todd Cox and Mary Dinzik, a couple who jointly owned BlackBerry stock, represented by law firm Kahn Swick & Foti, and the BlackBerry Limited Investment Group, represented by law firm Brower Piven and composed of five investors, including Cho and Ulug. The district court appointed Cox and Dinzik lead plaintiffs, with Kahn Swick & Foti as lead counsel.

The lead plaintiffs then filed an amended complaint ("FAC"), which Cho and Ulug joined as individual "additional" plaintiffs. The complaint was signed by Kahn Swick & Foti as "Lead Counsel for Lead Plaintiffs and the Class," and by Brower Piven as "Counsel for Additional Plaintiffs Yong M. Cho and Batuhan Ulug and the Class." The amended complaint alleged material misrepresentations and omissions related to the Z10 smartphone release based on four documents: BlackBerry's fiscal year 2013 financial results; an April 12, 2013 press release refuting a negative market report claiming that Z10 return rates were exceptionally high; BlackBerry's financial results for the first quarter of

---

[1] The PSLRA requires the appointment of a lead plaintiff prior to certification of a class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) ("Not later than 90 days after the date on which a notice is published . . . [the court] shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members.").

fiscal year 2014; and an August 12, 2013 press release announcing a potential sale of the company.

Defendants moved to dismiss the amended complaint. On March 13, 2015, the district court granted the motion, concluding that plaintiffs "failed to plausibly allege that defendants made misrepresentations or omissions of material fact, and have failed to show that defendants acted with scienter." *Pearlstein v. BlackBerry Ltd.*, 93 F. Supp. 3d 233, 236 (S.D.N.Y. 2015). Plaintiffs then moved for reconsideration and for leave to amend their complaint. The district court denied that motion, which was signed by Kahn Swick & Foti, as "Lead Counsel for Lead Plaintiffs and the Class," and by Brower Piven, as "Counsel for Additional Plaintiffs Yong M. Cho and Batuhan Ulug and the Class." D. Ct. Dkt. No. 56 at 1-2.

The lead plaintiffs appealed on behalf of the class. The caption on their notice of appeal reproduced the caption in the district court: "MARVIN PEARLSTEIN, Individually And On Behalf of All Others Similarly Situated, Plaintiff, vs. BLACKBERRY LIMITED et al., Defendants." J.A. 119. The notice began, "Lead Plaintiffs Todd Cox and Mary Dinzik hereby give notice, on behalf of themselves and all others similarly situated . . . [,]" *id.*, and was signed by

7

Kahn Swick & Foti as "Lead Counsel for Lead Plaintiffs and the Class." J.A. 120.

Brower Piven also signed the notice as "Additional Counsel for Lead Plaintiffs and the Class" (and not "Counsel for Additional Plaintiffs Yong M. Cho and Batuhan Ulug and the Class," as it had in all previous submissions). *Id.* The notice did not name or otherwise refer to Cho and Ulug.

On August 24, 2016, this Court affirmed the district court's dismissal of the complaint, but concluded that the district court had erred in denying leave to amend without explanation, and remanded on that basis. *Cox v. Blackberry Ltd.*, 660 F. App'x 23 (2d Cir. 2016).[2] Our summary order named Cox and Dinzik in the body and caption, *id*. at 23-24, but made no reference to Cho and Ulug.

On remand, the district court granted leave to amend and the lead plaintiffs filed a second amended complaint ("SAC"). The SAC again named Cho and Ulug as individual plaintiffs, represented by Brower Piven. It renewed plaintiffs' earlier securities fraud claims and added new claims against Steve

---

[2] In remanding the case, we also relied on *Omnicare, Inc. v Laborers District Council Construction Industry Pension Fund*, 135 S. Ct. 1318 (2015), which altered the standard for determining whether a statement of opinion is misleading for purposes of a securities fraud case. *Cox*, 660 F. App'x at 25-26.

Zipperstein, BlackBerry's former chief legal officer, arising out of the April 12, 2013 press release cited in the original complaint. J.A. 138, 173-74.

Defendants, including Zipperstein, moved to dismiss the amended complaint. Chief Judge Colleen McMahon (to whom the case had been assigned following the death of Judge Griesa) denied the motion. Defendants then answered the complaint, denying all material allegations of wrongdoing, and discovery began.

On July 20, 2018, while discovery was ongoing, defendants successfully moved for leave to amend their answer to assert additional affirmative defenses. Defendants then filed an amended answer asserting as an affirmative defense that plaintiffs' claims were barred in whole or in part by the doctrines of res judicata, collateral estoppel and/or law-of-the-case. Defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that the claims of Cho and Ulug should be dismissed because, unlike the rest of the class, they failed to appeal the district court's earlier dismissal of their complaint, and that as a result the earlier judgment was now final as to them. The district court referred the motion to Magistrate Judge Katharine H. Parker, who, after hearing oral argument, issued a Report and Recommendation concluding

9

that Cho and Ulug's claims should be dismissed. *Pearlstein v. BlackBerry Ltd.*, No. 13-CV-07060, 2019 WL 6831554 (S.D.N.Y. Aug. 2, 2019).

On September 24, 2019, the district court accepted the recommendation over plaintiffs' objections[3] and dismissed Cho and Ulug's claims. *Pearlstein v. BlackBerry Ltd.*, No. 13-CV-07060, 2019 WL 4673757 (S.D.N.Y. Sept. 24, 2019). The district court concluded that Rule 3 required Cho and Ulug to indicate their individual intent to appeal. The court further rejected their contention that they should have been permitted to rely on Rule 3(c)(3), which provides that in a class action, "the notice of appeal is sufficient if it names one person qualified to bring the appeal as representative of the class," reasoning that Cho and Ulug had "cease[d] to be 'represented' by the Lead Plaintiffs" when they joined the complaint as individual named plaintiffs. *Id.* at *4.

In reaching its conclusion, the district court relied in part on our decision in *Cohen v. UBS Financial Services, Inc.*, which held that where a named class representative filed a notice of appeal stating that he was appealing individually and on behalf of the class, the notice was not sufficient to effect an appeal on

---

[3] Although defendants' motion to dismiss addressed only Cho and Ulug's claims, it was opposed by the lead plaintiffs on behalf of the class, as well as Cho and Ulug.

behalf of the other named plaintiffs in the case. 799 F.3d 174, 177 n.3 (2d Cir. 2015).

The district court then addressed Cho and Ulug's claims against Zipperstein, who had not been named as a defendant in the initial complaint that had been dismissed by the district court. The court, again adopting Magistrate Judge Parker's recommendation, dismissed those claims as well, concluding that they were barred by res judicata and/or the law of the case doctrine because they arose from the same transaction or occurrence as the original claims, and could have been alleged in the prior complaint.

Cho and Ulug moved for reconsideration,[4] arguing that the district court erred in relying on *Cohen* and citing as "new evidence" material from the oral argument in that case. The district court denied the motion. *Pearlstein v. BlackBerry Ltd.*, No. 13-CV-07060, 2019 WL 6977157 (S.D.N.Y. Dec. 19, 2019). This appeal followed.

---

[4] The body of the motion states that it is brought on behalf of Cho and Ulug alone, although it is signed by Kahn Swick & Foti as "Lead Counsel for Lead Plaintiffs and the Class," as well as by Brower Piven as "Additional Counsel for Lead Plaintiffs and Counsel for Additional Plaintiffs Yong M. Cho and Batuhan Ulug." D. Ct. Dkt. No. 409 at 1-2.

11

## DISCUSSION

Federal Rule of Appellate Procedure 3 sets forth detailed instructions explaining how to file an appeal. But despite its apparent clarity, this seemingly straightforward rule has spawned considerable litigation over time, as parties seek loopholes in its requirements. This appeal asks us to consider what Rule 3 requires of litigants who are members of a putative class, but have chosen to proceed in the class litigation as individual named plaintiffs.

Cho and Ulug argue that the district court erred in dismissing their claims because they were represented in the earlier appeal by the lead plaintiffs under Rule 3(c)(3), and should not have been required to file a separate notice of appeal or explicitly join the lead plaintiffs' notice under Rule 3(c)(1)(A). In the alternative, Cho and Ulug argue that even if their claims against the original defendants are barred by their failure to appeal the earlier dismissal, their claims against newly added defendant Zipperstein should be allowed to proceed, as those claims were not included in the original complaint that was dismissed. Finally, Cho and Ulug contend that the district court abused its discretion in denying their motion for reconsideration.

We disagree on all three points. Cho and Ulug's status as individual named plaintiffs precluded them from being represented on appeal by the lead plaintiffs; consequently, they were required either to clearly indicate their intent to join the lead plaintiffs' notice in their individual capacity or to file their own notice. Because they failed to do either, the judgment dismissing their complaint became final, and res judicata bars Cho and Ulug from bringing new claims against Zipperstein that they could have pursued in their original action. Finally, the district court did not abuse its discretion in denying Cho and Ulug's motion for reconsideration.

We review *de novo* the district court's decision to grant a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *Bryan*, 954 F.3d at 580. The standard of review for a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion: we must "accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff[s'] favor." *Id.* (internal quotation marks omitted). We also review *de novo* "the district court's application of the principles of res judicata." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007). Finally, denial of a motion for reconsideration is reviewed for abuse of discretion. *See RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003).

**I.    Motion for Judgment on the Pleadings**

*A. Federal Rule of Appellate Procedure 3*

Rule 3(c) lists the information that a notice of appeal must contain. Although these notice requirements "should be liberally construed," *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004), they are "jurisdictional requirements" that we "may not waive," *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988).

Rule 3(c)(1)(A) describes the party information that must be included in a notice of appeal:

> The notice of appeal must . . . specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X".

The requirement that the parties appealing clearly identify themselves serves an important purpose. As we have explained before, it "provide[s] notice to the court and to the opposing parties of the identity of the appellant or appellants, permitting the court and the opposition to know, for example, which parties are bound by the district court's judgment or which parties may be held

14

liable for costs or sanctions on the appeal." *Baylis v. Marriott Corp.*, 906 F.2d 874, 877 (2d Cir. 1990); *accord Torres*, 487 U.S. at 318 ("The purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants."). Without that notice requirement, a "party could sit on the fence, await the outcome, and opt to participate only if it was favorable." *Gonzalez v. Thaler*, 565 U.S. 134, 148 (2012).

In this case, the December 2015 notice of appeal stated "Lead Plaintiffs Todd Cox and Mary Dinzik hereby give notice, on behalf of themselves and all others similarly situated," that they appealed the dismissal of the complaint. J.A. 119. And although Brower Piven, counsel for Cho and Ulug, signed the appeal, counsel signed as "Additional Counsel for Lead Plaintiffs and the Class"; the firm did not state that it was appearing as counsel for Cho and Ulug, as it had on previous submissions in the district court. Indeed, Cho and Ulug were not mentioned anywhere in the notice of appeal. Under a plain reading of Rule 3(c)(1)(A), that fact alone would seem sufficient to defeat Cho and Ulug's argument that they successfully appealed.

However, Cho and Ulug turn to Rule 3(c)(3), which applies specifically to class actions, to save their claims. Rule 3(c)(3) provides:

> In a class action, whether or not the class has been certified, the notice of appeal is sufficient if it names one person qualified to bring the appeal as representative of the class.

Cho and Ulug argue that Rule 3(c)(3) creates a special rule for class actions that displaces the more general rule in 3(c)(1)(A) that the notice must "specify the party or parties taking the appeal by naming each one." They argue that so long as a qualified class representative appeals, that appeal covers the entire class, including other named plaintiffs. Appellants' Br. 17-18.

Nothing in the text of Rule 3(c)(3), however, displaces 3(c)(1)(A)'s generally applicable requirement. Rule 3(c)(3) merely states that in a class action, the notice of appeal can list "one person qualified to bring the appeal as representative of the class" rather than naming all class members, which would clearly be difficult or even impossible in some cases, particularly if the class had not yet been certified. In other words, the provision covers *unnamed* class members that the party bringing the appeal is qualified to represent; it does not include individual *named* plaintiffs, who have appeared in the case as distinct parties separate from the class members represented by lead plaintiffs, and who, as in any other case, must appeal individually.

Cho and Ulug attempt to use the history of Rule 3(c)(3) to argue otherwise, but in fact, the history of the provision belies their interpretation. The class action provision in subsection (c)(3) was added to Rule 3 – along with other amendments – after the Supreme Court concluded, in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988), that a named plaintiff in a putative class action, who was not named in the notice of appeal due to a clerical error, had lost his right to proceed with the case. Rule 3 was amended following *Torres* to "reduce the amount of satellite litigation spawned by" the Supreme Court's decision. Fed. R. App. P. 3 advisory committee's note to 1993 amend. The amendment added Rule 3(c)(3), "to alleviate the inadvertent loss of the right to appeal through the use of terms such as 'et al.' or through use of the name of a representative plaintiff in class actions." *Billino v. Citibank, N.A.*, 123 F.3d 723, 726 (2d Cir. 1997); *see also* Fed. R. App. P. 3 advisory committee's note to 1993 amend. ("In class actions, naming each member of a class as an appellant may be extraordinarily burdensome or even impossible . . . . Therefore, the amendment provides that in class actions, whether or not the class has been certified, it is sufficient for the notice to name one person qualified to bring the appeal as a representative of the class.").

However, there is no indication that the amendment, which was intended to clarify the application of *Torres* in other situations, was intended to reverse the outcome in *Torres* as to individually named plaintiffs. Notably, "the amendment offers no relief in situations where the party does not file the functional equivalent of a notice of appeal, or where the party is never named or otherwise designated, however inartfully." *Billino*, 123 F.3d at 726 (internal quotation marks omitted).

Here, Cho and Ulug qualify as members of a putative PSLRA class for which lead plaintiffs were named by the district court. Not content to proceed as mere class members, however, Cho and Ulug chose to join the complaint individually as "additional" plaintiffs, with their own counsel. As a result, although the lead plaintiffs are "qualified to bring the appeal as representative[s] of the class" under Rule 3(c)(3), they are not qualified to appeal Cho and Ulug's *individual claims*, even if those claims are, at this stage, the same claims as those being pursued by the class. Having failed to appeal themselves, Cho and Ulug are not permitted to rely on the successful appeal of the lead plaintiffs in order to proceed with their claims. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 400 (1981) (plaintiffs may not "be the windfall beneficiaries of an appellate

18

reversal procured by other independent parties").

Were we to conclude otherwise, the purpose of the notice requirement in Rule 3(c)(1)(A) would be subverted. Cho and Ulug, as individual plaintiffs, have options not available to unnamed class members. They could have chosen not to appeal, or filed an individual appeal and made different arguments than the lead plaintiffs. Or, if the lead plaintiffs chose not to appeal and thus to abandon the case, they could have pursued an appeal on their own behalf.[5] As a result, allowing them to proceed as "an unnamed party" in the notice of appeal, as they argue we should, would "leave[] the notice's intended recipients – the appellee[s] and court – unable to determine with certitude whether [Cho and Ulug] should be bound by an adverse judgment or held liable for costs or sanctions." *Gonzalez*, 565 U.S. at 147-48. Cho and Ulug "could sit on the fence, await the outcome, and

---

[5] Those options would not be available to unnamed class members of an uncertified class unless they intervened and sought permission from the court. *See Bloom v. F.D.I.C.*, 738 F.3d 58, 62 (2d Cir. 2013) (discussing requirements for appeal as a non-party in the context of an unnamed class member appealing decertification of the class); *see also United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977) (unnamed plaintiff in uncertified class allowed to appeal dismissal only because she intervened promptly and it was clear that named plaintiffs did not intend to appeal).

opt to participate only if it was favorable," just as they seek to do here. *Id.*[6]

Our conclusion, which follows clearly from the text of the amended rule and our subsequent interpretations of that amendment, *Billino*, 123 F.3d at 726, is the same one we reached in *Cohen v. UBS Financial Services Inc.*, 799 F.3d 174 (2d Cir. 2015). In that case, plaintiff Eliot Cohen filed a putative class action against UBS Financial Services, asserting claims under the Fair Labor Standards Act and California law. *Id.* at 175. The district court granted UBS's motion to compel arbitration based on an arbitration clause in Cohen's contract, and Cohen appealed. *Id.* On appeal, Cohen argued, inter alia, that California law prohibited arbitration of his California law claims. *Id.* at 180. Our court concluded that

---

[6] Cho and Ulug argue that by requiring them to appeal individually, we are acting as though they opted out of the class before it was certified. Not so. It is indisputable that, although class members cannot opt out prior to class certification, "potential class members may leave the putative class at will" by settling their claims or by litigating their claims to final judgment individually. *In re Painewebber Ltd. Partnerships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998). That is precisely what occurred here. Moreover, although it is true that Cho and Ulug, by proceeding individually, are subject to requirements under Rule 3 that are not imposed on unnamed class members, it is also clear that Cho and Ulug benefit from proceeding individually, which, as they explain, allows them "to later seek class representative status, and to protect their rights in the event class certification was denied or, if granted, they chose to opt out of the Class without risking the expiration of the statute of repose for claims under the Exchange Act." Appellants' Br. 29-30.

Cohen's own California law claims were time-barred, and although another named plaintiff had claims that were not time-barred, that named plaintiff had not indicated his intent to join the notice of appeal. Accordingly, we "reject[ed] Cohen's assertion that the other named plaintiffs below joined his appeal," such that the California law claims were properly before us. *Id.* at 177 n.3. Cohen's notice of appeal, which "state[d] that the appeal was brought by 'Eliot Cohen, plaintiff in the above-captioned action . . . , on behalf of himself and all others similarly situated' . . . sufficed to give notice that Cohen was appealing individually and as a class representative, Fed. R. App. P. 3(c)(3), but did not clearly express any other *named* plaintiff's intent to join the appeal." *Id.* (emphasis in original).

Cho and Ulug argue that we faced a different situation in *Cohen* than we do here, because Cohen was not qualified to bring California law claims on behalf of the class, since his own California law claims were time-barred. Therefore, they argue, he did not meet Rule 3(c)(3)'s requirement of a person "qualified to bring the appeal as representative of the class." Here, in contrast, the lead plaintiffs were qualified to appeal all of the class's claims.

While that is true, it played no role in our decision in *Cohen*. Our conclusion there was that Cohen's appeal, as a class representative, "did not clearly express any other *named* plaintiff's intent to join the appeal." *Id.* (emphasis in original). That conclusion, which we applied to *all* the named plaintiffs in *Cohen*, applies with equal force to Cho and Ulug's claims as individual plaintiffs here: although the lead plaintiffs' notice of appeal was sufficient to appeal the claims of the class, it was not sufficient as to other *named* plaintiffs like Cho and Ulug, who were pursuing their own claims individually.[7]

Citing *Massie v. U.S. Dep't of Housing & Urban Development*, 620 F.3d 340 (3d Cir. 2010), Cho and Ulug argue that our conclusion is contrary to the law in the

---

[7] Nor can Rule 3(c)(4), which provides that "an appeal may not be dismissed . . . for failure to name a party whose intent to appeal is otherwise clear from the notice," save Cho and Ulug's appeal, because their intent to appeal was not "otherwise clear." Cho and Ulug argue that their intent to appeal was clear, because their counsel, Brower Piven, signed the appeal as "Additional Counsel for Lead Plaintiffs and the Class." J.A. 119. But in fact, that signature cuts against Cho and Ulug's argument. On all previous documents in the case filed after the appointment of lead plaintiffs, Brower Piven had signed as "Counsel for Additional Plaintiffs Yong M. Cho and Batuhan Ulug and the Class." S.A. 32. The fact that Brower Piven changed the description of its representation for the first time in the notice of appeal to omit Cho and Ulug and designate itself as counsel solely for the *Lead* Plaintiffs and the class suggests, if anything, that Cho and Ulug did *not* intend to appeal. It certainly does not make their "intent to appeal . . . otherwise clear." Fed. R. App. P. 3(c)(4).

Third Circuit. Of course, Third Circuit law does not bind us. But more importantly, we disagree with Cho and Ulug's characterization of *Massie*. In *Massie*, the certified class, which included several other named plaintiffs in addition to Massie, filed a notice of appeal that listed only one party, "Jean Massie," as the party appealing. 620 F.3d at 347. But notably, in that case, the notice was captioned "Jean Massie, *et al.* v. U.S. Department of Housing and Urban Development, et al.," *id.* at 347-48 (emphasis added), and the plaintiffs subsequently filed another (untimely) notice of appeal which listed all five named plaintiffs as the parties appealing. *Id.* at 348. Under those circumstances, the court concluded that the other named plaintiffs had adequately appealed based on the inclusion of "et al." after the first named plaintiff in the original, timely notice. *Id.* at 348-49.

Unlike in *Massie*, in this case the notice of appeal was captioned, "MARVIN PEARLSTEIN, Individually And On Behalf of All Others Similarly Situated, Plaintiff, vs. BLACKBERRY LIMITED et al., Defendants." J.A. 119. In other words, it did not include an "et al." that could conceivably encompass other individual named plaintiffs, as *Massie* did, and which Rule 3(c)(1)(A) specifies can be used to indicate which parties are appealing. *See* Fed. R. App. P.

3(c)(1)(A) ("[A]n attorney representing more than one party may describe those parties with such terms as . . . 'the plaintiffs A, B, et al.' . . . ."). And the body of the notice in this case, as previously discussed, stated only that it was on behalf of "Lead Plaintiffs Todd Cox and Mary Dinzik . . . and all others similarly situated . . . ." J.A. 119. The phrase "and all others similarly situated," though seemingly inclusive of all class members, is commonly used and understood to refer to the unnamed class members, not other named plaintiffs. Consequently, the notice did not give any indication, either in the caption or in the body, that Cho and Ulug were appealing, as Rule 3 requires. Accordingly, we see no conflict between the outcome in *Massie* and the conclusion we reach here.[8]

---

[8] We note that the caption in the notice of appeal in *Cohen* also included the phrase "et al." 799 F.3d. at 177 n.3. However, despite the inclusion of "et al." in that notice, we concluded that it was not sufficient to indicate that the other named plaintiffs were appealing because, taking into consideration the rest of the notice, it was not clear that they intended to appeal. In *Cohen*, the body of the notice did not mention the other named plaintiffs and stated only that "Eliot Cohen, plaintiff in the above-captioned action . . . , on behalf of himself and all others similarly situated, . . . hereby appeals." *See* Notice of Appeal at 1, *Cohen*, 799 F.3d 174 (No. 14-781). Accordingly, we concluded that the notice "did not clearly express any other *named* plaintiff's intent to join the appeal." *Cohen*, 799 F.3d. at 177 n.3 (emphasis in original). We relied on an earlier case, *Gusler v. City of Long Beach*, 700 F.3d 646 (2d Cir. 2012), which explains that in our Circuit: "[T]he notice of appeal is sufficient even if the party taking the appeal is named nowhere but in the caption if – and only if – it is manifest from the notice as a whole that the party wishes to appeal. The notice of appeal then meets the

Finally, to the extent that Cho and Ulug argue that Rule 3(c)(1)(A) imposes too great a burden on individual plaintiffs in a putative class action and is unduly "onerous" in light of the Supreme Court's decision in *California Public Employees' Retirement System v. ANZ Securities, Inc.*, 137 S. Ct. 2042, 2054 (2017), we disagree. In *ANZ*, the Supreme Court concluded that equitable tolling during the pendency of a class action does not apply to statutes of repose, and that the plaintiff's claims, filed after the plaintiff had opted out of a class action that settled those same claims, were properly dismissed as untimely. *Id.* at 2052. In that context, the Court noted that plaintiffs can easily preserve their claims during the pendency of a class action, and that "[a] simple motion to intervene or request to be included as a named plaintiff in the class-action complaint may well suffice." *Id.* at 2054. Cho and Ulug argue that we are adding to the "simple" burden referenced by the Court by requiring plaintiffs who choose to proceed as

requisite of specifying the party or parties taking the appeal." *Id.* at 649 (internal quotation marks omitted). In other words, although the inclusion of "et al." in the caption may be sufficient in some circumstances to indicate that all named plaintiffs are joining the appeal, it will not be sufficient in circumstances, like *Cohen*, where the notice as a whole casts doubt on whether the other named plaintiffs intended to join the appeal. We express no view on whether *Cohen* is consistent with *Massie*; for present purposes it suffices to say that our conclusion here is inconsistent with neither.

25

named plaintiffs and litigate their claims to indicate their intent to appeal any adverse decisions. But that is hardly the burden that Cho and Ulug assert it is; named plaintiffs are merely required to indicate their intent to appeal in a notice of appeal.

The burden in this case was indeed negligible, since Cho and Ulug were represented by counsel, Brower Piven, and if they had intended to join the appeal, their attorneys in the district court, *who actually signed the notice of appeal*, needed only to state that they signed on behalf of their individual clients, or to indicate in any way that those clients wished to appeal.[9] Although we recognize, as the Supreme Court did in *Torres*, that our "implacable" interpretation of "Rule 3(c) . . . leads to a harsh result in this case," we are similarly "convinced that the harshness of our construction is imposed by the legislature and not by the judicial process." 487 U.S. at 318 (1988) (internal quotation marks omitted).

---

[9] We note that a purpose of the PSLRA was "to empower investors so that they – not their lawyers – exercise primary control over private securities litigation." S. Rep. No. 104-98, at 4 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 683. This may have been a situation in which that purpose was not achieved. Indeed, we note that Cho and Ulug have testified that they were not even aware of the appeal that Brower Piven argues to us that they joined. *See* Appellees' Br. 9 n.1.

Accordingly, we conclude that the district court did not err in dismissing Cho and Ulug's claims against the original three defendants.[10]

*B. Claims Against Zipperstein*

Cho and Ulug contend that even if their claims against the original defendants are barred by their failure to appeal, their claims against defendant Zipperstein, which were added to the SAC after the lead plaintiffs' successful appeal, should be allowed to proceed. We agree with the district court that Cho and Ulug's claims against Zipperstein are barred by res judicata.[11]

---

[10] Because we conclude that Cho and Ulug are barred from proceeding with their claims against the three original defendants because they failed to appeal, we do not reach Appellees' other arguments as to why Cho and Ulug's claims against those defendants cannot proceed.

[11] The district court also relied on the doctrine of law of the case in deciding whether the claims against Zipperstein could proceed, but that doctrine does not apply here. Because the district court's earlier dismissal of Cho and Ulug's claims was a final judgment on the merits that was not appealed, any subsequent claims brought by Cho and Ulug would be part of a second proceeding. In those circumstances, res judicata, not law of the case, applies. *See* 18 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 4404 (3d ed. 2018) ("Res judicata applies as between separate actions, not within the confines of a single action on trial or appeal. Within a single action, consistency and efficiency are achieved by a separate doctrine known as law of the case."); *see also L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 87-88 (2d Cir. 1999) (applying doctrine of res judicata to dismiss new claims against previous defendants who had already been dismissed from the case in a final judgment on the merits).

The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *EDP Med. Computer Sys., Inc.*, 480 F.3d at 624 (internal quotation marks omitted). The doctrine bars later litigation if "an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Id.* We have concluded above that Cho and Ulug's failure to appeal the district court's original dismissal of their claims renders that dismissal a final judgment on the merits by a court of competent jurisdiction. Therefore, whether Cho and Ulug's claims against Zipperstein are barred turns on whether they involve the same cause of action as the claims in the original complaint, and whether Zipperstein is in privity with the three original defendants.

As to whether the claims against Zipperstein involve the same cause of action as those asserted in the original complaint, the answer is clearly yes. "Even claims based upon different legal theories are barred [by res judicata] provided they arise from the same transaction or occurrence." *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999). Moreover, as noted above, res

judicata applies to issues that were not raised in the prior action, if they "could have been raised in that action," *EDP Med. Computer Sys., Inc.*, 480 F.3d at 624, and "applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence." *L-Tec Elecs. Corp.*, 198 F.3d at 88 (internal quotation marks omitted).

The SAC asserts claims against Zipperstein based on the same allegedly misleading April 12, 2013 statement that was relied upon in the original complaint. *Compare* J.A. 65-66 *with* J.A. 173. In other words, the claims against Zipperstein clearly arise from the same transaction or occurrence as the original complaint.

Cho and Ulug argue that because the claims against Zipperstein are based on newly discovered evidence showing that the April 12, 2013 statement was a misrepresentation, they are not barred by res judicata. But, as we have just noted, even claims based on newly discovered evidence do not escape the bar of res judicata "unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence." *L-Tec Elecs. Corp.*, 198 F.3d at 88 (internal quotation marks omitted). Cho and Ulug argue that because the district

29

court granted them leave to amend their complaint upon remand from this Court, the district court necessarily found that the claims against Zipperstein "could not have been raised" in the FAC, and therefore cannot be barred by res judicata now. Appellants' Reply Br. 21. But that simply does not follow; in granting leave to amend, the district court concluded only that there was not "bad faith or undue prejudice," the inquiry that governs amendment. *See* J.A. 129-130; *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.") (internal quotation marks omitted).[12] The inquiry governing leave to amend is not the same as that governing whether res judicata bars subsequent claims, and the district court did not address, nor did it necessarily implicitly conclude, that the claims against Zipperstein could not have been brought in their original complaint. Indeed, that

---

[12] Cho and Ulug's reliance on the earlier decision of this Court remanding for the district court to reconsider its denial of leave to amend is similarly inappropriate. *See* Appellants' Br. 44. In that decision, we merely noted that "Plaintiffs *contend* that, after the district court dismissed the Complaint, they discovered through review of the criminal complaint and accompanying affidavit in *United States v. Dunham*, No. 15–7051 (D. Mass. filed Feb. 24, 2015) . . . new evidence." *Cox*, 660 F. App'x at 26 (emphasis added). That statement is certainly not consonant with a finding by this Court that evidence relating to Zipperstein was newly discovered evidence that could not have been discovered earlier.

is clearly not the case, given that the "new evidence" they relied on to bring their claims against Zipperstein was publicly available prior to the dismissal of their FAC. *See* Appellees' Br. 49. The "new evidence" thus was not "fraudulently concealed" or impossible to "discover[] with due diligence," *L-Tec Elecs. Corp.*, 198 F.3d at 88, and accordingly, it cannot prevent the application of res judicata.

Finally, we turn to whether Zipperstein is in privity with the three original defendants. Once again, the answer is yes. Privity "bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion," *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367–68 (2d Cir. 1995), such as where the new defendant is the old defendant's "proxy, agent, or designated representative," *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 489, 506 (2d Cir. 2019). The doctrine of privity is a "functional inquiry," not a "formalistic" one, *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995), and must be applied "with flexibility," *Amalgamated Sugar Co. v. NL Indus., Inc.*, 825 F.2d 634, 640 (2d Cir. 1987).

31

Cho and Ulug argue that Zipperstein was not in privity with the earlier defendants because he is being sued in his individual capacity under a "primary violator" theory of liability, which is different than the "control person" liability asserted against the original defendants. But the privity inquiry is a "functional" one, and "[r]es judicata may bar non-parties to earlier litigation . . . when the interests involved in the prior litigation are virtually identical to those in later litigation." *Chase Manhattan Bank, N.A.*, 56 F.3d at 345-46 (emphasis omitted). Zipperstein, who was BlackBerry's chief legal officer when he made the statements giving rise to the claims against him, and who was speaking on behalf of the company, had a "sufficiently close relationship to the original defendant[s] to justify preclusion," *Cent. Hudson Gas & Elec. Corp.*, 56 F.3d at 368, as their "agent," *Sacerdote*, 939 F.3d at 506. *See also John St. Leasehold, LLC v. Cap. Mgmt. Res., L.P.*, 283 F.3d 73, 75 (2d Cir. 2002) (FDIC employees acting within the scope of their agency were in privity with employer FDIC for purposes of res judicata). As such, he has "virtually identical" legal interests to theirs, which justify the application of res judicata. *Chase Manhattan Bank, N.A.*, 56 F.3d at 345. Proceeding under a different legal theory cannot defeat the conclusion that Zipperstein was in privity with the original defendants; as noted above, "claims based upon

32

different legal theories are barred provided they arise from the same transaction or occurrence." *L-Tec Elecs. Corp.*, 198 F.3d at 88.

We conclude that the district court properly dismissed Cho and Ulug's claims against Zipperstein, as well as those brought against the original defendants.

## II.    Motion for Reconsideration

Finally, Cho and Ulug argue that the district court abused its discretion in denying their motion for reconsideration. "[A] party may move for reconsideration and obtain relief only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) (internal quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (internal quotation marks omitted).

Cho and Ulug argue that the district court should have granted reconsideration because they presented "new evidence," with their motion, most significantly, the audio recording of the oral argument in *Cohen*. That argument fails to persuade for a number of reasons.

First, it is not clear that an audio recording of the argument in a case that was thoroughly discussed in the district court's original decision constitutes "evidence" at all. Moreover, the recording here can hardly be considered "new evidence," given that the recording was readily available at the time of the earlier briefing. *Cf. Garraway v. Newcomb,* 154 F. App'x 258, 260 (2d Cir. 2005) (district court did not abuse its discretion in denying a motion for reconsideration where the movant "sought to introduce some new evidence. . . [which] was available to him at the time of the original summary judgment motion").[13]

Second, and more importantly, we agree with the district court that the recording "provides no grounds for reconsideration." S.A. 44. Nothing in the oral

---

[13] Cho and Ulug's "far-reaching investigation" into *Cohen* appears to have consisted mainly of requesting the audio of the oral argument in *Cohen* from the Clerk of our Court. *See* Appellants' Reply Br. 23-24. There is no indication that the audio would not have been theirs for the asking earlier in the proceedings, for example, after Magistrate Judge Parker issued her report and recommendation making it clear that *Cohen* was relevant to the disposition of defendants' motion.

34

argument alters our understanding of what occurred in *Cohen*, or suggests, as Cho and Ulug argue, that we did not mean exactly what we said in that case: that nothing in the notice of appeal there, as here, "clearly express[ed] any other named plaintiff's intent to join" Cohen's appeal, and accordingly, the appeals of other named plaintiffs could not proceed. *Cohen*, 799 F.3d at 177 n.3.

Third and finally, as the district court correctly pointed out, Cho and Ulug's interpretation of *Cohen* cannot alter the outcome in this case, because neither we nor the district court depend solely on *Cohen* in interpreting Rule 3. For the same reasons, we reject Cho and Ulug's argument that reconsideration was warranted to prevent a manifest injustice.

## CONCLUSION

For the reasons stated above, the judgment of the district court is AFFIRMED.