21-111-cv
Oliver v. Penny

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-two.

PRESENT:
PIERRE N. LEVAL,
STEVEN J. MENASHI,
BETH ROBINSON,
*Circuit Judges.*

---

Jean C. Oliver,

*Plaintiff-Appellant*,

v.                                                                                    21-111

Daniel Penny, in his individual and official capacity, Thomas Capezza, in his individual and official capacity, Clay Lodovice, in his individual and official capacity, John Hartford, in his individual and official capacity, Michael Volforte, in his individual and official capacity, Lois Goland, in his individual and official capacity, Jason Hughes, in his individual and official capacity,

*Defendants-Appellees*,

New York State Police, Francis Christensen,

**in his individual and official capacity,**

*Defendants.*

FOR PLAINTIFF-APPELLANT: Jean C. Oliver, pro se, Elma, NY.

FOR DEFENDANT-APPELLEE: Barbara D. Underwood, Solicitor General, Victor Paladino, Senior Assistant Solicitor General, Laura Etlinger, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2015, Appellant Jean Oliver sued the New York State Police ("NYSP") and ten of its employees under Title VII, the Rehabilitation Act, and 42 U.S.C. §§ 1983, 1985, and 1986 (hereinafter referred to as "*Oliver 2015*"). She generally alleged that she was discriminated against based on her sex and perceived disability, harassed, and ultimately fired from her position as an investigator with the NYSP. In 2017, while proceeding pro se, she commenced a substantially identical lawsuit against the NYSP and seven of its employees and agents ("*Oliver 2017*"), with the exception that she also alleged a First Amendment retaliation claim. The district court dismissed the second amended complaint in the 2017 action, reasoning that *Oliver 2017* was largely duplicative of *Oliver 2015* and that Oliver otherwise failed to state a claim for relief. We

2

assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We review for abuse of discretion a district court's decision to stay or dismiss a lawsuit as duplicative of another federal suit. *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 507 (2d Cir. 2019).

## I. Duplicative Litigation

The district court did not abuse its discretion by concluding that Oliver's claims under the Equal Protection Clause for sex discrimination, hostile work environment, and retaliation were barred as duplicative of *Oliver 2015*. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Id.* at 504 (internal quotation marks omitted). In order to dismiss a pending suit as duplicative, "[t]here must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same." *Id.* (internal quotation marks omitted; alteration in original). We apply the general principles of res judicata to duplicative lawsuits. *Id.* The main difference is that the rule against duplicative lawsuits "can only be raised to bar one of two suits that are both still pending[.]" *Id.* at 505.

The facts and legal claims asserted in *Oliver 2015* were largely the same as the facts and legal claims asserted in *Oliver 2017*. Both suits involved the same series of events concerning

3

Oliver's sexual harassment reports, disciplinary charges, and eventual dismissal from the NYSP. The claims are generally identical. Oliver raised sex discrimination, hostile work environment, retaliation, conspiracy, and failure to prevent conspiracy claims in both lawsuits. Finally, the relief sought in both lawsuits was the same: Oliver sought reinstatement and monetary damages in both *Oliver 2015* and *Oliver 2017*.

The rule against duplicative litigation requires that the parties in the two lawsuits be the same or in privity with one another. *See Sacerdote*, 939 F.3d at 504. Oliver does not challenge on appeal the conclusion that there is privity between the *Oliver 2015* and *Oliver 2017* defendants and therefore waives the issue. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). Nevertheless, there is privity between the defendants in both suits. Although Oliver sued different individual defendants in her 2017 lawsuit, those defendants represent the same interests as the individuals named in *Oliver 2015*. The *Oliver 2015* defendants consisted of the NYSP, several of its officers, and Oliver's former supervisors. The *Oliver 2017* defendants included the NYSP, two supervisors (Francis Christensen and Daniel Penny), and legal counsel to the NYSP. Two of the defendants overlap between the two lawsuits (NYSP and Christensen). The remainder share the "same interests." *Sacerdote*, 939 F.3d at 504. Employee defendants have a sufficiently close relationship with other employees when their challenged actions in both lawsuits consist of acts in their official capacities on behalf of their employer. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (concluding that the defendant was in privity with defendants in an earlier lawsuit where they all represented the same company within the scope of their employment). The majority of the individual defendants in *Oliver 2017* acted as counsel to the NYSP during the events described in the lawsuits and therefore represented the interests of the NYSP and its

4

employees. *See id.* (concluding that the defendant was in privity with other employee defendants because he was acting as company's chief legal officer during the events leading to the lawsuit).

Two of the defendants in *Oliver 2017*, Clay Lodovice and Michael Volforte, were not employees of the NYSP but of the Governor's Office of Employee Relations. However, they represented the same interests as the other *Oliver 2017* defendants, that of the NYSP, by appearing on NYSP's behalf—as its "designated representative[s]," *Cho,* 991 F.3d at 169—in the proceedings of the Public Employment Relations Board (Lodovice) and by allegedly continuing to withhold copies of Oliver's grievances from the Administrative Law Judge in those proceedings (Volforte). Because their interests were aligned with the NYSP, they were sufficiently in privity with the *Oliver 2015* defendants. *See John St. Leasehold, LLC v. Capital Mgmt. Res., L.P.*, 283 F.3d 73, 74, 75 (2d Cir. 2002) (per curiam) (concluding that the defendants were in privity with the defendants in a prior suit because they acted within the "scope of their agency").

In sum, Oliver duplicated the majority of her *Oliver 2015* claims in her 2017 lawsuit. The district court did not abuse its discretion by dismissing Oliver's sex discrimination, hostile work environment, and retaliation claims under the Equal Protection Clause as duplicative of *Oliver 2015*.[1]

## II.    First Amendment Retaliation

To the extent that Oliver's complaint can be construed as raising a First Amendment

---

[1] In her 2017 complaint, Oliver appears to detail an "[i]llegal search and seizure … under the [Fourth] Amendment" that allegedly occurred immediately after her termination. It is unclear whether these allegations are intended to advance a freestanding Fourth Amendment claim. The district court did not consider such a claim, and this order does not preclude Oliver from asserting a claim based on these allegations in the future. We express no opinion as to whether such a claim would be barred by res judicata.

retaliation claim, Oliver failed to state a claim for relief. To establish a First Amendment retaliation claim under § 1983, "a plaintiff must show (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Brandon v. Kinter*, 938 F.3d 21, 40 (2d Cir. 2019) (internal quotation marks omitted). When the speaker is a public employee, her speech is protected when it involves a matter of public concern and she is speaking as a private citizen. *Lynch v. Ackley*, 811 F.3d 569, 578 (2d Cir. 2016).

Oliver argues that she engaged in protected speech by reporting sex discrimination and harassment and was retaliated against for doing so. But personal grievances, such as discrimination complaints, are not matters of public concern and are "not brought within the protection of the First Amendment" simply because the grievances "could be construed broadly to implicate matters of public concern." *Ruotolo v. City of New York*, 514 F.3d 184, 190 (2d Cir. 2008) (internal quotation marks omitted). Furthermore, the other allegations of protected speech in Oliver's complaint were too vague and conclusory for the district court to determine if they involved matters of public concern. Oliver alleged that she "raised grave matters of public safety, public integrity, public trust, and public concern involving supervisory members and those holding leadership positions within the NYSP." She elaborated that she submitted reports concerning "egregious safety violations, fraudulent narcotics investigations, and the mishandling of [c]onfidential [i]nformants." However, these broad allegations did not contain enough detail to ascertain whether they involved matters of public concern, let alone that Oliver was speaking as a private citizen when she made those reports. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

6

statements, do not suffice.").

Accordingly, the district court properly dismissed the First Amendment retaliation claim.

### III.     Conspiracy and Failure to Prevent Conspiracy

Finally, Oliver asserts that she stated claims for conspiracy under 42 U.S.C. §§ 1983 and 1985 and for failure to prevent a conspiracy under 42 U.S.C. § 1986.  But these claims failed because she did not plausibly allege an underlying constitutional violation; the Equal Protection Clause claims were properly dismissed as duplicative of *Oliver 2015* and Oliver failed to state a claim for First Amendment retaliation.  *See Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001) (explaining that a § 1983 conspiracy claim fails if there is no underlying violation); *Great Am. Fed. Saving & Loan Ass'n v. Novotny*, 442 U.S. 366, 376 (1979) (noting that § 1985 "is a purely remedial statute" and requires an underlying violation of a federal right); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994) (noting that a § 1986 claim "lies only if there is a viable conspiracy claim under section 1985").

We have considered all of Oliver's remaining arguments, which we conclude are without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court