22-2822-cv
Herschaft v. New York City Campaign Finance Board

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand twenty-three.

PRESENT: ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges*.

------------------------------------------------------------------

ALLEN S. HERSCHAFT,

*Plaintiff-Appellant*,

v.                                                                   No. 22-2822-cv

NEW YORK CITY CAMPAIGN FINANCE BOARD,

*Defendant-Appellee*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:                    ALLEN S. HERSCHAFT,
                                             *pro se*, Brooklyn, NY

1

FOR DEFENDANT-APPELLEE:                    No appearance

Appeal from a judgment entered in the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Allen S. Herschaft, proceeding pro se, appeals from a September 29, 2022 judgment of the United States District Court for the Eastern District of New York (Matsumoto, J.) dismissing his First and Fourteenth Amendment freedom of association, freedom of speech, and free exercise claims against the New York City Campaign Finance Board as barred by res judicata, and denying leave to amend his complaint. Herschaft principally claims that the Board's reporting requirements conflict with his Orthodox Jewish beliefs and those of his potential campaign contributors. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We begin with the District Court's dismissal of Herschaft's claims, which we review de novo. See Hardaway v. Hartford Pub. Works Dep't, 879 F.3d 486, 489 (2d Cir. 2018). Although we "construe a pro se complaint liberally to raise

2

the strongest arguments it suggests," it must nevertheless "state a plausible claim for relief." Darby v. Greenman, 14 F.4th 124, 127–28 (2d Cir. 2021) (quotation marks omitted).

The District Court correctly concluded that Herschaft's claims are barred by res judicata. "The doctrine of res judicata provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Cho v. Blackberry Ltd., 991 F.3d 155, 168 (2d Cir. 2021) (quotation marks omitted). Res judicata "bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." Id. (quotation marks omitted). Herschaft does not dispute that his prior lawsuit satisfies these elements. See Herschaft v. N.Y.C. Campaign Fin. Bd. ("Herschaft I"), 127 F. Supp. 2d 164 (E.D.N.Y. 2000), aff'd, 10 F. App'x 21 (2d Cir. 2001), cert. denied, 534 U.S. 888 (2001). Instead, he argues that his current complaint includes new sources of information that support his claim that the Board's reporting rules violate his First Amendment rights by requiring him to speak during prayer services and to request and provide identifying information about his campaign

3

contributors in order to qualify for fund matching—all contrary to his faith. We are not persuaded by this argument. "[R]es judicata applies to issues that were not raised in the prior action, if they could have been raised in that action," and it "applies even where new claims are based on newly discovered evidence." Cho, 991 F.3d at 168 (quotation marks omitted). We see no reason why Herschaft could not have pointed to his new sources and claims in Herschaft I. Accordingly, the District Court did not err in dismissing his claims.

Next, we review the District Court's denial of leave to amend the complaint for abuse of discretion. See Kim v. Kimm, 884 F.3d 98, 105 (2d Cir. 2018). "Although district judges should, as a general matter, liberally permit pro se litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile." Terry v. Inc. Vill. of Patchogue, 826 F.3d 631, 633 (2d Cir. 2016). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim." In re Tribune Co. Fraudulent Conv. Litig., 10 F.4th 147, 175 (2d Cir. 2021) (quotation marks omitted). "To determine whether granting leave to amend would be futile, we consider the proposed amendments and the original complaint." Id.

4

Herschaft takes issue with N.Y.C. Rules, Tit. 52, § 5-05(b), which went into effect after Herschaft I was decided, and which provides that funds obtained through lotteries are not eligible for fund matching. But he does not specify which of his rights (if any) section 5-05(b) violates. Indeed, as the District Court recognized, he "raises no claims or arguments regarding Section 5-05(b)." App'x 14. Under these circumstances, the District Court did not abuse its discretion in denying leave to amend.[1]

We have considered Herschaft's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We do not consider whether the District Court abused its discretion in denying leave to amend to add a Religious Freedom Restoration Act claim or an equal protection claim relating to mental illness because Herschaft did not raise those claims in his appellate brief. See Green v. Dep't of Educ., 16 F.4th 1070, 1074 (2d Cir. 2021). We also do not consider whether the District Court abused its discretion in denying leave to amend to add a defamation claim because Herschaft did not raise the claim in the District Court. See Otal Invs. Ltd. v. M/V Clary, 673 F.3d 108, 120 (2d Cir. 2012). And we do not consider whether the District Court abused its discretion in denying leave to amend to add procedural due process claims regarding a missing memorandum in Herschaft I and the district court's decision not to hold a hearing in Herschaft v. N.Y.C. Police Dep't, No. 18-cv-4770, 2018 WL 4861388 (E.D.N.Y. Sept. 28, 2018), because questions concerning the adequacy of separate proceedings are not properly before this Court.

5